IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No._____ |
| | § | |
| FEDERAL INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Home Depot U.S.A., Inc. (hereinafter referred to as "Plaintiff" or "Home Depot") and files this its Original Complaint for Declaratory Judgment pursuant to the Uniform Declaratory Judgment Act, Chapter 37 of the Civil Practice & Remedies Code of Texas, complaining of Federal Insurance Company, Defendant herein (hereinafter referred to as "Defendant" or "Federal"). In support thereof Plaintiff would respectfully show the following:

## I. Diversity Jurisdiction

1. Plaintiff Home Depot is incorporated only in the State of Delaware with its principal office and place of business located in Georgia. Home Depot is therefore a citizen of Delaware and Georgia.

2. Defendant Federal is a corporation duly organized and existing under the laws of the State of Indiana with its principal place of business located in New Jersey. Federal is therefore a citizen of Indiana and New Jersey. Federal is licensed to and, upon information and belief, does

business in the State of Texas.  Federal may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

3. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This declaratory judgment action rises out of a dispute between Home Depot and Federal regarding Federal's duty to defend and provide coverage to Home Depot for claims asserted against Home Depot in another lawsuit (described in paragraph 5).   Given Plaintiff's allegations and prayer for damages in excess of the federal jurisdictional limits, it is clear that Plaintiff is seeking damages in excess of $75,000.00, exclusive of costs.  This Court has original jurisdiction over this action under 28 USC § 1332.

## II. Venue

4. Venue is proper in the Northern District of Texas, Dallas Division, under 28 USC § 1391, as Federal is deemed to be a resident of Dallas County, Texas.

## III. Factual Background

5. This declaratory judgment action rises out of a dispute between Home Depot and Federal regarding Federal's duty to defend and provide coverage to Home Depot for claims asserted against Home Depot in the lawsuit styled *Marilyn W. Inglis and John Inglis vs. Home Depot U.S.A., Inc., Pavestone, LLC, and Lawn Master Outdoor Living, L.L.C.*; Case No. D180066-C in the 260th Judicial District Court of Orange County, Texas.  A true and correct copy of Plaintiff's Original Petition ("Original Petition") is attached hereto as Exhibit "A."   The Original Petition seeks monetary relief over $200,000 but not more than $1,000,000.  *See* Original Petition, Exhibit "A", at ¶1.

6. In the Original Petition, Marilyn Inglis ("Inglis") alleges that on February 19, 2016, after purchasing items at Home Depot and upon exiting the building, Inglis spotted a

pergola display in the parking lot. The display consisted of a Pergola manufactured and installed by Lawn Master Outdoor Living, L.L.C. ("Lawn Master") with a paver pad display in the parking lot. Beneath the pergola, pavers manufactured by Pavestone, LLC ("Pavestone") were placed and on display to interested customers. *Id.* at ¶6 - ¶7.

7. Inglis alleges that upon approaching the Pergola and reaching for a brochure placed at eye level, she tripped on the pavers and fell forward due to the vertical height difference between the pavers and the concrete. *Id.* at ¶6 - ¶9, ¶13.

8. In the Original Petition, Inglis seeks to establish Liability on the part of Home Depot and Pavestone for, among other things, creating a dangerous condition on Home Depot store premises, failing to adequately warn of the dangerous condition, and failing to make the dangerous condition reasonably safe. *Original Petition*, ¶¶15, 16. Inglis alleges that Pavestone "had or should have had the right of control of the display of the pavers." *Id.*, ¶5b. Inglis further alleges that "[t]he pavers created an uneven surface between the concrete around the pergola and the pavers under the pergola." *Id.*, ¶8. Thus, according to Inglis's allegations, "[t]he [pavers] display constituted a dangerous condition that Defendants created or knew or should have known about or anticipated and prevented." *Id.*, ¶9. Inglis then alleges that she "was tripped as her feet came in contact with the pavers causing [Inglis] to fall forward striking her knees and ending in an awkward position on the pavers…[h]er right femur was fractured." *Id.,* ¶¶13, 14. Inglis therefore specifically asserts claims against Home Depot that arise out of injuries to Inglis allegedly caused by Pavestone's products and/or negligent acts and omissions.

9. On the February 19, 2016 (the date of the incident), Pavestone was subject to a Supplier Buying Agreement (SBA) with Home Depot.

10. Pursuant to the terms and conditions of the SBA, Pavestone agreed, among other things, to indemnify and hold harmless Home Depot for any claims arising from Pavestone's products and/or negligent acts or omissions.

11. The SBA also provides that Pavestone will carry a general liability insurance policy under which Home Depot must be named an additional insured. Further, the SBA provides that the limits of coverage for Home Depot under such policy are to be of not less than two million dollars, with a products-completed operations aggregate limit of not less than two million dollars, and a per-occurrence limit of not less than two million dollars.

12. On February 19, 2016, Pavestone was covered under a general liability insurance policy that was issued by Federal, and had effective dates of January 1, 2016 to January 1, 2017 (the "Insurance Policy"). The policy number for the Insurance Policy is 35357130, and it has a general aggregate limit of two million dollars, a products-completed operations aggregate limit of two million dollars and a per-occurrence limit of one million dollars. Pavestone was also covered under an umbrella policy that was issued by Federal, and had effective dates of January 1, 2016 to January 1, 2017 (the "Umbrella Insurance Policy"). The policy number for the Umbrella Insurance Policy is 35901427, and it has a coverage limit of ten million dollars. A true and correct copy of the Certificate of Liability Insurance is attached hereto as Exhibit "B."

13. The Insurance Policy contains an endorsement pertaining to the "Who is Insured" section of the policy that designates persons or organizations as additional insureds "As Required by Written Contract." Further, the Insurance Policy provides that "Vendors" are additional insureds with respect to bodily injury arising out of the distribution or sale of Beaulieu's products.

14. The Insurance Policy and the Umbrella Insurance Policy were in existence and in full force and effect at the time of the incident made the basis of the Lawsuit.

15. As an additional insured under the insurance policy, Home Depot is entitled to coverage with respect to claims and allegations that arise out of obligations by Pavestone to Home Depot pursuant to the terms and conditions of the SBA.

16. Home Depot is in compliance with all terms of the Insurance Policy as a condition precedent to bringing this lawsuit.

17. On July 19, 2018, Home Depot made a written demand upon Federal to honor and perform its duty to defend it in the Lawsuit and to provide liability coverage to Home Depot in connection with the Plaintiff's claims in the Lawsuit. Federal never responded to this demand, however.

### IV. Claims for Relief

18. Defendant Federal has breached its obligation to provide a defense to Home Depot in the Lawsuit, and Home Depot, accordingly, seeks all damages caused thereby that are recoverable by law, as well as a declaration that Defendant Federal has owed and continues to owe a duty to defend Home Depot in the Lawsuit pursuant to the terms and conditions of the Insurance Policy. In addition, Home Depot seeks a declaration that Defendant Federal owes a duty to provide liability coverage (under the terms of the Insurance Policy and Umbrella Insurance Policy) to Home Depot in connection with the Plaintiff's claims in the Lawsuit. As a result of Defendant's breach of contract, Home Depot has also had to retain legal counsel to defend it in the Lawsuit, and has incurred necessary attorneys' fees and costs in connection with that defense. In addition, Home Depot has been forced to retain legal counsel to represent it in this action, and to incur reasonable and necessary attorneys' fees and costs in connection with the

prosecution of this action. Accordingly, Home Depot seeks to recover those reasonable and necessary attorneys' fees and costs it has incurred.

## V. Jury Demand

19. Plaintiff requests a jury trial on all issues triable to a jury.

WHEREFORE PREMISES CONSIDERED Plaintiff requests that Defendant be cited to appear and answer herein, and that upon a final hearing, Plaintiff has judgment as follows:

(1) A declaration that Defendant Federal owes, and has owed, a duty to defend Home Depot in the Lawsuit pursuant to the terms of the Insurance Policy;

(2) A declaration that Defendant Federal owes a duty to provide liability coverage (under the terms of the Insurance Policy and Umbrella Insurance Policy) to Home Depot in connection with the Plaintiff's claims in this Lawsuit;

(3) Reasonable and necessary attorneys' fees and other legal expenses incurred in connection with the defense of the Lawsuit and the prosecution of this action;

(4) Costs of suit; and

(5) Such other and further relief to which Home Depot may be justly entitled.

Respectfully submitted,

By: */s/ Arthur K. Smith*
Arthur K. Smith
State Bar No. 18534100

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation
507 Prestige Circle
Allen, Texas 75002-3419
Telephone: 469/519-2500
Facsimile: 469/519-2555
asmith@aksmithlaw.com

ATTORNEYS FOR PLAINTIFF
HOME DEPOT U.S.A., INC.